UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

RONALD JAMES DAVENPORT,

    Petitioner,

v.

C. NICKRENZ, Warden, FPC-Duluth,

    Respondent.

Civil No. 13-2273 (SRN/AJB)

**REPORT AND RECOMMENDATION**

---

This case is before the undersigned United States Magistrate Judge on Petitioner's self-style application for a writ of habeas corpus. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

Petitioner is an inmate at the Federal Prison Camp in Duluth, Minnesota. He is serving a 41-month prison sentence that was imposed in March 2012 in the United States District Court for the Eastern District of Washington. Petitioner was sentenced after a jury found him guilty on four counts of filing false liens in violation of 18 U.S.C. § 1521. United

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to other habeas corpus proceedings as well. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

States v. Davenport, Crim. No. 2:10-cr-61-KI-1.[2]

After Petitioner was sentenced, he filed a direct appeal. However, the Ninth Circuit Court of Appeals recently rejected all of the claims that Petitioner raised in his appeal, and his conviction and sentence were affirmed on April 15, 2013. United States v. Davenport, 515 Fed.Appx. 681 (9th Cir. 2013) (unpublished opinion). Petitioner subsequently filed a post-conviction motion in the trial court seeking to have his conviction and sentence vacated under 28 U.S.C. § 2255. Petitioner's § 2255 motion was denied by the trial court on June 17, 2013, and Petitioner was not granted a Certificate of Appealability. United States v. Davenport, No. 2:10-cr-61-KI-1 (E.D.Wash. June 17, 2013), 2013 WL 3089058. (A copy of the order denying Petitioner's § 2255 motion is attached to his current habeas corpus petition, [Docket No. 1-1].)

Petitioner has also filed a previous habeas corpus action in this District, in which he challenged the validity of his conviction and sentence in his federal criminal case in the Eastern District of Washington. See Davenport v. Nickrenz, No. 13-987 (SRN/AJB). This Court recommended that Petitioner's previous habeas corpus petition be dismissed for lack of jurisdiction. Petitioner filed objections to that recommendation, but then voluntarily dismissed the case before the District Court Judge addressed the matter.

In the present habeas corpus case, Petitioner is once again attempting to challenge his conviction and sentence in the Eastern District of Washington. He claims that his

---

[2] The record from Petitioner's federal criminal case in the Eastern District of Washington is available to this Court by means of the Case Management/Electronic Case Filing system ("CM/ECF") that is maintained by the federal judiciary. The Court's understanding of procedural background of this case is based on a review of the record in Petitioner's criminal case in the Eastern District of Washington.

2

conviction should be set aside, because the trial court lacked jurisdiction over his federal criminal case. As far as the Court can tell, Petitioner is presently attempting to raise essentially the same lack-of-jurisdiction claim that he raised in his previous § 2255 motion, and in his previous § 2241 habeas corpus petition in this District. That claim was rejected on the merits in the § 2255 proceedings, and this Court has previously determined that the claim cannot be adjudicated in a habeas corpus action filed in this District. (See Davenport v. Nickrenz, Civil No. 13-987 (SRN/AJB), Report and Recommendation dated May 7, 2013, [Docket No. 3].)

For the reasons discussed below, the Court finds that the claims presented in Petitioner's current habeas corpus petition cannot be addressed on the merits, and this case must be summarily dismissed for lack of jurisdiction.

## II.  DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must

3

generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration...." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).  No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence in a habeas corpus proceeding, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255.  See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his conviction and sentence in his federal criminal case in the Eastern District of Washington. He claims that his conviction and sentence should be set aside, because the trial court allegedly lacked jurisdiction in the case.  (See Petition, p. 2, [judgment entered in Petitioner's criminal case allegedly "was TOTALLY VOID for lack of jurisdiction"].) Because Petitioner is directly challenging the legality of his conviction, his current habeas corpus petition is barred by the § 2255 exclusive remedy rule, unless the savings clause is applicable.

Petitioner has made it clear that he is attempting to avoid the exclusive remedy rule prescribed by § 2255(e), by calling his petition a "Common Law Writ of Habeas Corpus under Article I, § 9, cl. 2 of the Constitution for the United States," and by emphasizing that "THIS IS NOT A 28 U.S.C. § 2241 STATUTORY FILING!"  (Petition, p. 1.)  However, it

makes no difference how Petitioner chooses to label or identify his pleading; the exclusive remedy rule precludes him from challenging his conviction or sentence in this District <u>by any means</u>, unless the savings clause applies.[3]

Petitioner apparently believes the remedy provided by § 2255 has proven to be "inadequate or ineffective" for his present claims, and savings clause should therefore be applied in this case, simply because his previous § 2255 motion was denied by the trial court. That reasoning must be rejected.

The rule restricting second and successive § 2255 motions, (28 U.S.C. § 2255(h)), would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a habeas corpus petition. Congress could not have intended for the rules governing successive § 2255 motions to be so easily evaded. Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed...." <u>United States v. Lurie</u>, 207

---

[3] In some cases, a habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is barred from seeking further relief under § 2255 because he has already sought such relief once before. <u>See</u> 28 U.S.C. §§ 2255(h). Therefore, it would not be appropriate to treat the present habeas corpus petition as a § 2255 motion, and transfer this matter back to the original trial court. Furthermore, it is clear that Petitioner has deliberately decided to try to challenge his conviction and sentence by means of a habeas corpus petition filed in this District.

F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied"); United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), cert. denied, 537 U.S. 869 (2002).

"A federal prisoner should be permitted to seek habeas corpus <u>only if he had no reasonable opportunity to obtain earlier judicial correction</u> of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner cannot use the § 2255 savings clause, because he had a reasonable opportunity to raise his current claims for relief in his direct appeal and/or his § 2255 motion.

The Court understands that Petitioner is claiming that the trial court lacked jurisdiction in his criminal case in the Eastern District of Washington. The fact remains, however, that Petitioner could have raised this jurisdictional argument in his direct appeal. Moreover, he had a second chance to raise his jurisdictional arguments – and, in fact, he did raise such arguments – in his § 2255 motion. Petitioner has not shown that the

remedies provided by direct appeal and § 2255 are inadequate or ineffective for his current jurisdictional arguments.

It appears that Petitioner's true objective in this case is to have the Minnesota District Court review and overturn the trial court's prior ruling on his § 2255 motion. Evidently, Petitioner is dissatisfied with the trial court's adjudication of his lack-of-jurisdiction claims, and he wants those claims to be reviewed again here. However, the Minnesota District Court has no legal authority to review prior rulings by a co-equal district court. See Larson v. United States, 905 F.2d 218, 222 (8th Cir 1990) (collateral attack on prisoner's conviction must be summarily dismissed where the prisoner "does no more than disagree with the previous habeas court").

If Petitioner thinks the trial court wrongly denied his § 2255 motion, he should have asked the Ninth Circuit Court of Appeals to grant him a Certificate of Appealability. See Fed. R. App. P. 22(b)(1) ("[i]f the district judge has denied the certificate, the applicant may request a circuit judge to issue it"). The § 2255 savings clause does not allow a federal prisoner to use a habeas corpus petition as a vehicle for re-raising claims that were raised and adjudicated in prior proceedings. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) ("'[f]ailure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective'"), quoting Williams v. U.S., 323 F.2d 672, 673 (10th Cir. 1963), cert. denied, 377 U.S. 980 (1964) and Overman v. U.S., 322 F.2d 649, 650 (10th Cir. 1963) (per curiam). This legal principle is clearly explained in two longstanding Seventh Circuit Court of Appeals' opinions that are worth quoting at length, because they are fully relevant to the present case. In Cain v. Markley, 347 F.2d 408, 410 (7th Cir. 1965), the Court explained:

> "Petitioner's § 2255 motion in the sentencing court was an adequate and effective remedy to test the legality of his detention inasmuch as that court considered and ruled on the identical issue presented in the instant petition for a writ of habeas corpus. <u>The fact that the motion was denied does not mean that it was an ineffective or inadequate procedural device</u>. True, it did not effect petitioner's release. The purpose of the statute, however, is not necessarily to end a prisoner's detention, but rather 'to test' its legality. The adoption of petitioner's argument would mean that, because of a possible application of different legal principles by the court confronted with a habeas petition and the court which has already ruled on a § 2255 motion, a prisoner would have the right in every instance to retest the legality of his detention." (Emphasis added.)

Similar reasoning appears in <u>Stirone v. Markley</u>, 345 F.2d 473, 474 (7th Cir.), <u>cert</u>. <u>denied</u>, 382 U.S. 829 (1965), where the Court held:

> "The fact that the [trial] court's disposition of the § 2255 motion was adverse to petitioner, or even, <u>arguendo</u>, incorrect, does not mean that his remedy under that section was 'inadequate or ineffective.' If that were the rule, any adverse determination by one court of a § 2255 application would be reviewable by another court in a habeas corpus proceeding. Obviously, such a result was not intended by Congress when it drafted § 2255."

As previously mentioned, the Eighth Circuit Court of Appeals has also plainly stated that § 2255 cannot be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied." <u>Lurie</u>, 207 F.3d at 1077. <u>See</u> <u>also</u> <u>Charles v. Chandler</u>, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied").

A prisoner cannot invoke the saving clause merely by arguing (regardless of how vigorously) that he was denied justice in a prior § 2255 proceeding. If that argument were valid, then every prisoner would be automatically entitled to a second round of post-conviction review following the denial of a § 2255 motion. If a prisoner thought his § 2255 claims were wrongly decided, he could simply contend that § 2255 had proven to be an "inadequate or ineffective remedy" for his claims, and he must therefore be allowed to seek

relief by means of a habeas corpus petition filed in the jurisdiction where he is incarcerated. Habeas corpus review would then become a second post-conviction remedy that would be available in virtually every case. The savings clause exception would swallow the exclusive remedy rule and make it meaningless.

Again, the question is not whether § 2255 has, or has not, actually provided the relief sought by the prisoner, but whether that statute has provided the prisoner <u>a means</u> by which relief could be sought. In this case, Petitioner's current claims for relief were raised, or could have been raised, in his direct appeal or his § 2255 motion. Because Petitioner has already had <u>an opportunity</u> to raise his current claims for relief, those claims cannot be entertained here, even if Petitioner thinks his claims were never properly adjudicated in the past – or even if he never actually raised them in the past.

As the Court of Appeals pointed out in <u>Abdullah</u> –

> "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting <u>Wolford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999).

Based on <u>Abdullah</u>, the Court finds that the savings clause is not applicable here. Again, Petitioner has not shown that the remedies provided by direct appeal and § 2255 are inadequate or ineffective for his current claims. Therefore, the savings clause is not applicable here, and Petitioner's current habeas corpus petition must be summarily dismissed for lack of jurisdiction. <u>DeSimone</u>, 805 F.2d at 323-24 (habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter

9

jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim" in a habeas corpus proceeding).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's self-styled application for habeas corpus relief, (Docket No. 1), be summarily **DISMISSED** for lack of jurisdiction.

Dated: August 30, 2013

    s/Arthur J. Boylan
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 23, 2013.