# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ronald James Davenport,<br><br>Petitioner,<br><br>v.<br><br>C. Nickrenz, Warden,<br><br>Respondent. | Case No. 13-cv-2273 (SRN/AJB)<br><br>**MEMORANDUM OPINION AND ORDER** |

Ronald James Davenport, Duluth, Minnesota 55814, *pro se* Petitioner.

Gregory G. Brooker, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

## I.     INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Petitioner's Objections [Doc. No. 4] to United States Chief Magistrate Judge Arthur J. Boylan's September 3, 2013, Report and Recommendation [Doc. No. 3]. The Magistrate Judge recommended that Petitioner's "Common Law Writ of Habeas Corpus" [Doc. No. 1] be summarily dismissed for lack of jurisdiction. (Sept. 3, 2013, Report and Recommendation [Doc. No. 3].) For the reasons set forth below, the Court overrules Petitioner's objections and adopts the R&R in its entirety.

## II.    BACKGROUND

The R&R documents the factual and procedural background of this case, and the

Court incorporates it here by reference. Briefly stated, Mr. Davenport is confined at the Federal Prison Camp in Duluth, Minnesota, pursuant to a conviction and sentencing in the United States District Court for the Eastern District of Washington, for filing false liens in violation of 18 U.S.C. § 1521 (counts 1-4). He is serving a 41-month prison sentence, imposed by the Eastern District of Washington. After Petitioner was sentenced, he filed a direct appeal. The Ninth Circuit, however, rejected all of the claims in Petitioner's appeal, and it affirmed his conviction and sentence on April 15, 2013. United States v. Davenport, 515 Fed. Appx. 681 (9th Cir. 2013) (unpublished). Petitioner then filed a post-conviction motion in the trial court, seeking to vacate his conviction and sentence under 28 U.S.C. § 2255. The trial court denied Petitioner's § 2255 motion, and it did not grant him a Certificate of Appealability. United States v. Davenport, No. 2:10-cr-0061-KI, 2013 WL 3089058 (E.D. Wash. June 18, 2013).

On April 26, 2013, Petitioner filed a § 2241 petition for writ of habeas corpus in the United States District Court for the District of Minnesota, challenging the validity of his conviction and sentence in his federal criminal case in the Eastern District of Washington. (Davenport v. Nickrenz, No. 13-cv-987 (SRN/AJB) [Doc. No. 1].) On May 7, 2013, the Magistrate Judge recommended that this petition be dismissed for lack of jurisdiction. (Id. [Doc. No. 3].) Petitioner objected to the R&R on May 7, 2013, but then dismissed the case voluntarily on May 29, 2013. (Id. [Doc. Nos. 4, 5].)

In the instant case, Petitioner challenges his conviction and sentence in the Eastern District of Washington again, claiming that the trial court lacked jurisdiction over his federal criminal case. Petitioner essentially raises the same lack-of-jurisdiction argument here as he

2

did in the previous § 2255 motion in the Eastern District of Washington and the § 2241 petition in the District of Minnesota.

On September 3, 2013, the Magistrate Judge recommended that this Court summarily dismiss Petitioner's case for lack of jurisdiction because the claims cannot be addressed on the merits. (Sept. 3, 2013, Report and Recommendation at 3 [Doc. No. 3].) On September 19, 2013, Petitioner objected to the Magistrate Judge's R&R. (Pet'r's Resp. to Report and Recommendation [Doc. No. 4].) On October 2, 2013, the Government responded to Petitioner's objections. (Resp. of United States to Pet'r's Objection to the Magistrate's Report and Recommendation [Doc. No. 5].)

## III. DISCUSSION

### A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." D.Minn. LR 72.2(b)(1). The district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); D.Minn. LR 72.2(b)(3). Ordinarily, the district judge relies on the record of proceedings before the magistrate judge. D.Minn. LR 72.2(b)(3).

### B. Objections

Petitioner objects that the "courts in general are hiding behind procedure so the Judges do not have to make Lawful Rulings based on facts and evidence, just get rid of the case by crawling through procedural loop holes." (Resp. to Report and Recommendation at

3

3 [Doc. No. 4].) In addition, Petitioner requests the Court to:

1. Provide the Constitutional Law that granted the "UNITED STATES OF AMERICA" governmental powers.

2. Provide the Constitutional Law that granted the "UNITED STATES OF AMERICA" the ability to share governmental powers with the United States.

3. Provide the statutory Law that grants the "UNITED STATES OF AMERICA" governmental powers equal to those of the United States.

4. Provide the statute that contradicts 28 U.S.C. § 1345 whereby only the United States can be named as Plaintiff in any legal action.

5. Provide the statute that allows the U.S. Attorneys to represent the "UNITED STATES OF AMERICA" in any legal action.

6. Provide any Law that defines in legal terms that the United States is also the "UNITED STATES OF AMERICA" and interchangeable in legal proceedings.

(Id. at 2-3.) Petitioner previously raised these six points in one form or another in his § 2255 motion in the Eastern District of Washington and in his § 2241 petition in the District of Minnesota. (Davenport, 2013 WL 3089058, at *1; Pet. for Writ of Habeas Corpus in No. 13-cv-987 (SRN/AJB) [Doc. No. 1].)

Generally, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the sentencing court under 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004). Section 2255(e) provides that

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

4

In other words, a motion brought in the sentencing court under § 2255 is the exclusive remedy available to a federal prisoner asserting a collateral challenge to his conviction or sentence, unless the prisoner affirmatively demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." Id.; see DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986).

Petitioner is challenging the validity of his conviction and sentence in his federal criminal case in the Eastern District of Washington. (Common Law Writ of Habeas Corpus [Doc. No. 1].) Because the Eastern District of Washington already denied Petitioner's previous § 2255 motion, Petitioner's current "Common Law Writ of Habeas Corpus" is barred unless the savings clause applies. See 28 U.S.C. § 2255(e).

Petitioner appears to believe that the remedy provided by § 2255 is "inadequate or ineffective" for his present claims—thus purportedly making the savings clause applicable—because the Eastern District of Washington denied his previous § 2255 motion. But as the Magistrate Judge correctly observed, § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 has already been denied, . . . or because petitioner has been denied permission to file a second or successive § 2255 motion . . . or because a second or successive § 2255 motion has been dismissed . . . ." (Sept. 3, 2013, Report and Recommendation at 5 [Doc. No. 3] (citing United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000).) Otherwise, the rule prohibiting second and successive § 2255 motions, 28 U.S.C. § 2255(h), would be rendered meaningless.

The Court also agrees with the Magistrate Judge's observation that:

Petitioner's true objective in this case is to have the Minnesota District Court

5

review and overturn the trial court's prior ruling on his § 2255 motion. Evidently, Petitioner is dissatisfied with the trial court's adjudication of his lack-of-jurisdiction claims, and he wants those claims to be reviewed again here. However, the Minnesota District Court has no legal authority to review prior rulings by a co-equal district court.

(Id. at 7 (citing Larson v. United States, 905 F.2d 218, 222 (8th Cir. 1990).) Petitioner already had the opportunity to raise his current claims for relief in his previous § 2255 motion in the Eastern District of Washington, as well as in his direct appeal to the Ninth Circuit Court of Appeals. His failure to obtain a satisfactory outcome does not mean that the remedy provided by § 2255 was "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). For these reasons, the savings clause does not apply, and § 2255(e) bars Petitioner's "Common Law Writ of Habeas Corpus."

## IV. ORDER

The Court therefore **OVERRULES** Petitioner's Objections [Doc. No. 4] and **ADOPTS** the Magistrate Judge's September 3, 2013, Report and Recommendation [Doc. No. 3]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's "Common Law Writ of Habeas Corpus under Article I, § 9, cl. 2 of the Constitution for the United States" [Doc. No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 4, 2013      s/ Susan Richard Nelson
                              SUSAN RICHARD NELSON
                              United States District Court Judge